Potter v. Adams' Executors.

<hr/>

POTTER *et al.*, Appellants, v. ADAMS' EXECUTORS *et al.*, Respondents.

1. The fact that the affidavit accompanying a petition for a change of venue may have been defective, will not render the order changing the venue a nullity ; nor should the court to which the cause is transferred dismiss the suit for this defect. The objection should be made at the time the petition for a change of venue is acted upon.

2. Where proceedings are instituted in a circuit court, under section 31 of the act concerning wills (R. C. 1845, p. 1083), to invalidate a will, and vacate the probate thereof ; *held,* that the executor who obtained the probate of such will, and who, for aught that appears, is still acting under the will whose validity is contested, is estopped to move to dismiss such proceedings upon the alleged ground that the contested paper had never been lawfully established as the will of the testator, in that the judge before whom the will was proved had not power to take proof thereof in vacation.

3. Proceedings under section 31 of the act concerning wills to invalidate a will, of which proof had been taken in vacation by the judge of the probate court of Green county, are not premature by reason of having been commenced before the court in term had confirmed such contested will.

*Appeal from Barry Circuit Court.*

This was a petition by the heirs at law of John Adams, deceased, under the 31st section of a statute concerning wills, to set aside and vacate the probate of a will. The petitioners

alleged imbecility of mind and body, and undue and fraudulent influence of the second wife of the testator, as the grounds for their prayer. The suit was brought in Greene county, in December, 1853, and the will and the probate thereof by the probate judge of that county were made a part of the petition. To this petition an answer was filed denying the allegations of the petition. At the November term, 1854, an amended petition was filed, and in December, 1854, an amended answer was filed. Various continuances were had, and at the September term, 1856, a change of venue was awarded to Barry; and in October, 1856, in the Circuit Court of Barry county, the defendant moved to quash and dismiss the proceedings, on the ground that the court had no jurisdiction, and that there was no cause of action. This motion was sustained.

*Napton, Otter, Edwards* and *Hendrick*, for appellants.

I. The probate judge of Greene county had power to take probate of wills in vacation. (Sess. Acts, 1847, p. 40.)

II. The defendant is estopped to say he is not executor. There was a will in fact—a probate in point of fact—an administration in fact—and the defendants were *de facto* executors, and as such have for four years been resisting the petition. Admitting the probate to be illegal, and that it should not have been granted, still the present proceeding to set the will aside is proper. If other causes exist for setting aside this probate other than that alleged by us, they can not enure to the benefit of the defendant.

*F. P. Wright*, for respondents.

I. The court did right in dismissing the case. The Barry Circuit Court never acquired any jurisdiction of the cause. The change of venue was improperly granted. 1st. It nowhere appears that defendants had any notice of the application. 2d. The petition is not in conformity to the statute. 3d. There is no affidavit of the truth of the causes alleged in the petition. Defendant had already applied for a change of venue, and caused the delay of a term in consequence, and it was the duty

of the court to see that the statute was substantially complied with. (17 Mo. 64.) Defendant did not waive the irregularity. The first and only thing which they did in the Barry Circuit Court was to move to dismiss the proceedings.

II. The proceeding was commenced too soon. The act establishing a probate court in Greene county is found in the session acts of 1857, p. 40. By the fourth section, it is provided that " the probate courts hereby established shall have *exclusive original jurisdiction* in all cases relative to the probate of last wills and testaments," &c. The probate judge, acting as his own clerk, had no more power relative to the proof of last wills than the clerk of the county court has. Section fifteen of the act respecting wills authorizes the clerk to take proof of the last will, subject to the confirmation or rejection by the court. It can not be said that a will is either *probated* or *rejected* until the county court have acted upon it. So in this case ; the probate court, as a court in term, had not either confirmed or rejected it. The proceedings under the 31st section respecting wills, is in the nature of an appeal. Exclusive original jurisdiction is conferred on the probate court, and the 31st section provided a mode for giving to the Circuit Court appellate jurisdiction. (Dickey and others v.. Maliche, 6 Mo. 182.) As these proceedings had been commenced before the probate court, as a court in term time, had acted, the Circuit Court was as much bound, upon application, to dismiss it, as to dismiss any other appeal wrongfully taken.

LEONARD, Judge, delivered the opinion of the court.

This suit ought not to have been dismissed on either of the two grounds that have been suggested to us. The order of the Greene Circuit Court changing the venue was not a nullity ; that court had jurisdiction to make it for the causes stated in the petition, and the error, supposing it to have been one, as to the verification of the petition, was a mere irregularity in the proceedings and not a ground of nullity. The objection is that

the affidavit did not verify the existence of the alleged prejudice, but was confined to the party's just cause to fear that he could not have a fair trial on account of it. Without undertaking to say whether the objection ought to have prevailed, if it had been made at the proper time and place, it is sufficient to remark that it ought to have been made at the time the petition was acted upon, and in the court required to act, and not held back to be made in the court to which the cause was removed. Such a course of practice ought not to be allowed; it answers no purpose of justice, and there is no reason for permitting it.

The defendant was estopped from raising the other objection upon which he insists. Whether the judge of the Greene probate court had authority in vacation to take the proof of wills, and supposing he had not, whether, if the proof was in fact made and administration *de facto* granted, the act was afterwards impliedly ratified by proceedings in term, both on the part of the court and the administrator, founded upon the assumption that the will was lawfully established, are questions that we are not called upon to decide here, and on which therefore we shall not volunteer an opinion. The alleged will had been proved *de facto* before a judicial officer, at the instance of the party who now makes the objection, and was, we may suppose, at the very time the objection was being made, treated both by the party himself who now makes the objection, and the court having jurisdiction over the matter, as a legally established will. Certainly, the executors can not be allowed to deny in the Circuit Court the existence of that which they are acting upon in the probate court—to insist in the latter court, by acting upon it as such, that the instrument is the established will of the supposed testator, and at the same time to deny it in the Circuit Court, in order to get rid of the only proceeding allowed by law, to determine whether or not it is his will, and ought to be established as such. Besides, in the present case, the party did not make the objection at the first opportunity he had, but allows an issue to be made up as to the validity of

Potter v. Adams' Executors.

the instrument, and after the proceeding has been pending in court for several years, turns upon the plaintiffs with the objection that no such issue ought to have been made, because it was not shown in the petition that the contested paper had been lawfully established as the will of the deceased. We can not allow such a course of practice without bringing reproach upon the administration of the law. If, in any stage of a cause, any thing occurs that renders further progress nugatory, a party may be allowed to bring it forward at any time for the purpose of arresting further proceeding ; and in the present case, if the allowance of the will had been rejected by the probate court in term, or if the grant of administration had been subsequently surrendered by the party and received by the court upon the ground that the original proceedings were irregular on account of their being transacted out of term, this matter might have been shown, and would, we suppose, have afforded a sufficient reason for dismissing the proceeding ; but that is not the case.

Again, it is said the suit was instituted prematurely, having been commenced immediately after the allowance of the will and grant of letters by the probate judge, and before the proceeding had been rejected or confirmed by the court at the succeeding term. The answer to this is, that the letters, granted in vacation, are not limited in point of time, so as to continue only to the succeeding term, and then expire, unless confirmed by the court. They are subject to the confirmation or rejection of the court, and it is the duty of the court to pass upon them ; but they are valid until they are rejected. If the proceeding of the probate judge allowing this will and granting letters upon it had been rejected by the court, then the issue asked by the plaintiffs whould have been unnecessary, and so would the trial of the issue, if the issue itself had already been allowed and made up ; but nothing of that kind is pretended here. The judgment must be reversed, and the cause remanded.