# EX PARTE NELLE SANGSTER, Petitioner.

### In Banc, June 27, 1922.

1. **JURISDICTION: Change of Venue: Acquiescence: Divorce Proceeding: Children: Orders Pendente Lite.** Where the record shows that the mother of petitioner for the writ of *habeas corpus* and who appears in behalf of such minor petitioner, having filed her petition for a divorce in the circuit court, signed an application for a change of venue from the division of the court in which she had filed said divorce petition, and said change was granted to the division thereof presided over by respondent, and she voluntarily appeared and submitted to the jurisdiction of respondent, without exception to the act of the division granting the change and without complaint in either division at any time prior to the application for the writ of *habeas corpus*, all objections that the application for a change of venue in the divorce proceeding were nullities (a) because of want of notice of the application or (b) because of insufficiency in the allegations in said application or because of an insufficient affidavit thereto, are waived, and afford no basis for a claim that the respondent was without jurisdiction to make an order disposing of the custody and care·of petitioner, a minor child of said mother, pending a disposition of the divorce suit.

2. ———: **Interference: Divorce Suit: Custody of Minor Children: Order Pendente Lite.** The circuit court is a court of general jurisdiction, and having acquired jurisdiction of the parties to a divorce suit has power to make orders concerning the custody of their minor children pending such suit; ·and having made an order assigning the petitioner for this writ of *habeas corpus*, a minor daughter of the plaintiff in said divorce suit, to the custody and care of a probation officer, who in turn placed her in a college to be educated, the Supreme Court will not interfere with the jurisdiction of said circuit court so long as said divorce suit is pending therein.                 ,

3. ———: ———: ———: **Dismissal: Motion for New Trial.** Where the circuit court, after a hearing of a suit for divorce, dismissed both the petition and cross-bill, and thereafter both plaintiff and defendant filed motions for a new trial, and the wife, after such order of dismissal, filed motions for alimony and for the custod⸗ of her minor children, all of which were pending at the time

295 Mo.—4

petitioner, a minor daughter of the plaintiff in said suit, applied to the Supreme Court for her discharge on *habeas corpus*, her said mother appearing in her behalf, the circuit court had not by such order of dismissal lost jurisdiction to make an order disposing of the custody and care of petitioner, but the divorce suit was still pending, and the circuit court, in the exercise of its incidental power to make an order pertaining to the custody of minor children of the parties, having made an order disposing of the custody of petitioner, the Supreme Court will not interfere with the exercise of its jurisdiction to make such order so long as it has not finally disposed of the divorce suit.

## *Habeas Corpus.*

DISCHARGE DENIED.

*W. Blodgett Priest* and *Jerome F. Duggan* for petitioner.

(1)   Respondent's power to make an order for the custody of children is derived from and confined within the limitations of the statute.   Chapman v. Chapman, 269 Mo. 670;  Stokes v. Stokes, 1 Mo. 320;  Doyle v. Doyle, 26 Mo. 545;  Robinson v. Robinson, 268 Mo. 708.   (2) By the plain language of the statute respondent's power is confined within the following limits, viz.: (a) ''When a divorce shall be adjudged;'' (b) ''As from the circumstances of the parties and the nature of the case shall be reasonable.''   R. S. 1919, sec. 1806.   (3)  While this language, ''when a divorce shall be adjudged,'' has been construed (by a divided court) to authorize *ad interim* orders, yet no court has gone so far as to hold that ''adjudged'' is tantamount to ''denied.''  That is this case.   In re Gladys Morgan, 117 Mo. 249.   The Morgan Case is further distinguished from the case at bar in this: That there, there was no complaint of imprisonment or illegal restraint, while here, such complaint is the gravamen of the charge.  Reasonableness is a consideration which, alone and of itself, defeats the arbitrary power claimed and asserted in this case.   (4)   Even if

the statute in terms purported to authorize the tyrannical and arbitrary power exhibited by the pleadings in this case, it would yet fail, as in conflict with constitutional guaranties, viz., Mo. Constitution, art. 2, secs. 4, 11, 25, 30, and 31. (5) Parties cannot confer jurisdiction on a court by consent or agreement, except in the manner prescribed by law. For the reasons stated, and on the authorities cited in the original petition herein, the change of venue was and remains a nullity of record, and not a mere matter of exception. Ladd v. Forsee, 163 Mo. 506. (6) Independent of the above, and even if it be held that respondent had jurisdiction of the divorce case, and had jurisdiction to make orders respecting the custody of the children, and continued to have such jurisdiction after the divorce was denied, nevertheless, such holdings, each and all of them, would leave us a long way from justifying the situation in this case. For the mere right to award custody falls far short of the right to imprison. The natural tie between mother and child is the very foundation of society, and no court is privileged to sever it by prison walls when it is made to appear (as it appears here) that such severance is predicated upon star-chamber proceedings held in violation of both the Constitution and the statute, and without right to the mother to call the child as a witness, when the testimony of the child might well have led to a decree exonerating the mother from all blame, and confirming her right to the custody of her offspring.

ELDER, J.—Nelle Sangster, a minor aged sixteen years, petitioner herein, acting in her own behalf and by Nell H. Sangster, her mother and natural guardian, has sued out of this court a writ of *habeas corpus*, seeking her discharge from the Loretto College of Webster Groves, Missouri, in which institution she claims to be unlawfully imprisoned at the order of Honorable Vital W. Garesche, Judge of the Circuit Court of the City of St. Louis, Division No. 15.

The material allegations of the petition for our writ recite that petitioner is the eldest of three children of

R. D. Sangster and Nell H. Sangster, and that during her whole life she has been the friend and companion of her mother, Nell H. Sangster, who has always treated her with kindness and affection, and that the relation between them is and always has been one of close comradeship and limitless trust; that on November 10, 1921, Mrs. Sangster, the mother, filed suit in the Circuit Court of the City of St. Louis against petitioner's father for divorce, said suit being assigned to Division No. 16 of said court, then and now presided over by Honorable John W. Calhoun as judge; that subsequently by order of said court the custody of petitioner's brother and sister was awarded *pendente lite* to the mother and the custody of petitioner was awarded *pendente lite* to the father, on condition that she be placed in the Monticello Seminary at Godfrey, Illinois; that while at said seminary certain officials and members of the faculty of that institution endeavored to poison the mind of petitioner against her mother by statements which she knew to be false, and petitioner thereby became so worried and distressed that she was unable to study, with the result that she was returned to her mother's home on January 31, 1922; that on February 2, 1922, on application of petitioner's mother, Division 16 of the aforesaid circuit court granted a change of venue in the aforesaid divorce proceeding to Division No. 15, then and now presided over by Honorable Vital W. Garesche as judge; that on February 6, 1922, Judge Garesche made an order that petitioner be placed in the custody of Miss Mary Gunn for the evening of February 6, 1922, and until delivery to the Sacred Heart Convent at St. Charles; that at or about the time of the said order Judge Garesche and Miss Gunn placed petitioner in the custody and keeping of Loretto College, at Webster Groves, where she has since remained; that said college is a Catholic school for girls, of high standing and reputation, and the sisters in charge thereof have treated petitioner with kindness and sympathy, but at all times have obeyed the orders and instructions of said Garesche and Miss Gunn, and

pursuant to such instructions have long kept her a prisoner, denied her all' access to her mother, refused to permit her to telephone or to communicate with her mother or her friends, and have denied and refused her the benefit of counsel, to whom she has been able to communicate only by way of letter, surreptitiously written and surreptitiously mailed; that on May 15, 1922, Judge Garesche made an order in the divorce proceeding aforesaid,. dismissing both plaintiff's bill and defendant's cross-bill with prejudice; that on May 18, 1922, each party to said divorce proceeding filed a motion for new trial, and on June 3, 1922, an intervening petition and affidavits, including an affidavit by petitioner, were filed in said cause by L. W. Munkenbeck, said affidavits being to facts exonerating petitioner's mother from the charge of which she was convicted by Judge Garesche's memorandum opinion (adultery); that said Garesche and Miss Gunn have expressed indignation and resentment against petitioner that she should consent to make such affidavit, and have immured her more closely than ever, so that she is now cut off from all access to the world without the convent walls; that on June 12, 1922, Judge Garesche, being informed that petitioner desired to apply to the Supreme Court for a writ of *habeas corpus,* made the following order, to wit: "It is ordered by the court that the minor child, Nelle Sangster, be and remain in care, custody and control of the Loretto Academy at Webster Groves until July 1, 1922, this order made June 12, 1922, at 3:10 p. m.;" and that by virtue of such order petitioner. is being kept in close confinement, and is unlawfully imprisoned and restrained of her liberty.

The petition then sets up that the imprisonment alleged is illegal for the reasons: (1) That the court had no jurisdiction to make the order of commitment; (2) That the imprisonment is in violation of Sections 4, 11, 25, 30 and 31 of Article II of the Constitution of Missouri.

In support of the proposition that the court had no jurisdiction it is urged that the application for a change

of venue in the divorce proceeding is a nullity because
of want of notice of the application therefor, because
of insufficiency in the allegations of said application,
and because of an insufficient affidavit thereto.    It is
further urged that if the court ever had any jurisdiction
over the person of petitioner, which is denied, such
jurisdiction was terminated by the decree dismissing
both the bill and cross-bill in said divorce proceeding.

To the writ both the Loretto College and Judge
Garesche have made return.

The return of the respondent Loretto College
avers that on February 6, 1922, Miss Mary Gunn entered
petitioner in the college and she 'was accepted for and
during school term only, which ended June 9, 1922; that
on all occasions petitioner demeaned herself properly
and was welcome to remain in the school until
graduation exercises held on June 9, 1922, ever since
which time petitioner has expressed a desire to go to her
mother; that since the close of the college respondent
has been very much opposed to keeping petitioner
against her will, and has done so only because of orders
given by Miss Gunn that petitioner should not be per-
mitted to communicate with her mother; that respondent
has been and remains unwilling to assume the re-
sponsibility of continuing to detain petitioner, and prays
some appropriate order which will permit the surrender
of petitioner, with her consent, to some suitable person.

The return of respondent Garesche is somewhat
lengthy.    It admits the filing of the divorce suit between
the Sangsters, the orders made by Judge Calhoun with
respect to the custody of the children, including peti-
tioner, and the granting of the change of venue by
Division 16 to Division 15 presided over by respondent.
The return then avers that while at the Monticello
Seminary, at Godfrey, Illinois, petitioner was making
unsatisfactory progress in her studies and had become
unruly and gotten beyond the control of the principal
and teachers in said institution; that the problem was
presented to respondent as to the placing of petitioner

in a proper and fitting educational institution; that respondent first took up the question with the Sacred Heart Academy at Maryville, and that said academy refused to take petitioner in its institution because of the notoriety to which petitioner had previously been subjected in and by the daily newspapers in connection with the divorce suit then pending; that thereafter respondent made effort to place petitioner in the Visitation Convent in St. Louis, where she was again refused admittance because of the aforesaid notoriety attaching to her; that thereafter respondent endeavored to place petitioner in the Sacred Heart Convent at St. Charles and was led to believe at the time that she would be received in said institution; that therefore, on February 6, 1922, respondent made an order that petitioner be placed in the custody of Miss. Mary Gunn, a deputy probation officer for the Juvenile Court of the City of St. Louis for the evening of February 6, 1922, and until delivery to said Sacred Heart Convent at St. Charles; that thereafter the said Sacred Heart Convent advised respondent that they would not receive petitioner because of the notoriety attendant upon her as aforesaid, and that thereupon respondent made an arrangement with the Loretto College, a boarding school for girls exclusively, enabling petitioner to enter said institution, where she was furnished not only educational instruction but also board and lodging and moral and physical training; that all of the parties to the said divorce proceeding, and particularly Nell H. Sangster, the mother of petitioner, acquiesced in and accepted the authority and jurisdiction of respondent at all times, to make the orders in question and never excepted to, or in any way complained of, the orders of respondent in connection with petitioner being placed in said Loretto College; that petitioner at all times during her stay at said college communicated both by telephone and by mail to and with her mother, and also on the occasions when she visited the city of St. Louis once a week to see her physician,

she communicated with and actually was in the company of her mother. The return then denies that petitioner has been kept a prisoner and refused access to her mother and the privilege of communication with her mother and friends, and avers that petitioner, without interference, mailed a letter to and called up by telephone her counsel and told him that she was "being kept a prisoner" under the orders of respondent.

The return further alleges that in dismissing the bill and cross-bill in the divorce suit, respondent filed a written opinion in the cause, adjudging neither party an innocent party, because he found the mother of petitioner "to have been guilty of too intimate association with the co-respondent named in the defendant's cross-bill, to-wit, L. W. Munkenbeck, particularly in her visits to his apartment, in going automobile riding with him, and culminating finally in her registering at a hotel with him at Alton, Illinois, where there is no doubt adulterous conduct was indulged in between them," and because he found the father guilty of "mal-treatment of his wife in the matter of physical assaults, at least tacitly admitted by him in his own testimony." The return then sets up that thereafter, on May 18, 1922, each of the parties to said divorce suit filed a motion for a new trial, in which no question was raised as to the jurisdiction of respondent; that the first intimation respondent had as to the fact that he had no jurisdiction came through the intervening petition and affidavits filed in behalf of L. W. Munkenbeck, co-respondent in said divorce suit; that respondent denies that petitioner is being kept in close confinement and is being unlawfully restrained of her liberty, but avers that on June 13, 1922, the father of petitioner and the aforesaid Mary Gunn called at Loretto College, pursuant to previous arrangement, and escorted petitioner to the Melbourne Hotel in St. Louis for dinner, thereafter to a performance of the Municipal Opera and thereafter escorted her back to the Loretto College; that upon their return to the college the mother superior advised Miss Gunn that, due

to the notoriety which attended petitioner in connection with her application for a writ of *habeas corpus* and due to the publication in a St. Louis newspaper of petitioner's picture and an article connected therewith, they would request respondent and Miss Gunn to take petitioner away from the college as a student; that said Loretto College has since notified respondent that it insists that the person, care and custody of petitioner shall be withdrawn and taken away from said institution not later than June 15, 1922, at two o'clock p. m.; that respondent has jurisdiction of petitioner under and by virtue of Section 1806, Revised Statutes 1919, but, not desiring in any way to contravene, violate or infringe upon the orders or judgment of this court, he cannot and will not fix a place where the custody of petitioner may be retained pending judgment upon his return; wherefore, it is prayed that this court fix a place of temporary custody for petitioner, and that petitioner be remanded to the custody of respondent for such other and further orders as in his discretion may seem to petitioner's best interests.

To the return of respondent Garesche petitioner has filed a reply. Part thereof is entirely irrelevant to any phase of the proceeding before us. The remainder of the reply is largely a denial of specific allegations contained in the return, not necessary to be here noted.

Pending the determination of the cause by this court, the Loretto College has, at our request, very considerately agreed to continue the custody and care of petitioner.

I. There is but one real question in this proceeding and that is, the extent of the jurisdiction of respondent Garesche. A determination of that question depends, in the first instance, upon the validity of the change of venue effected from Division 16 of the circuit court, Judge Calhoun's division, to Division 15 of said court, respondents Garesche's division.

*Jurisdiction: Change of Venue.*

The objections to the sufficiency of the application for a change of venue we have, in a general way, hereinbefore adverted to.

With respect to the question of change of venue the return of respondent Garesche avers in part as follows:

"Your respondent further states and shows to the court that said application for change of venue was made by and at the request of counsel who now represent said petitioner, and who at that time represented plaintiff in said divorce suit, who acted in connection with the application for this writ as the mother and natural guardian of said petitioner. That the order granting said change of venue is valid on its face and in its legal effect, and that after said order was applied for and granted to said Nell H. Sangster, who now seeks to attack the same and the validity thereof, she, the said Nell H. Sangster, and her counsel, the said Blodgett Priest and Jerome Duggan, who now seek to attack the validity of said order and its legality and scope and effect, continuously appeared before your respondent and prayed for and obtained numerous orders in the case, and at no time after the venue of said case was changed in and by the order of said Division 16 did said Blodgett Priest or Jerome Duggan or the said Nell H. Sangster or any one else representing either the plaintiff or the defendant in the case in any way question the validity or legality or effectiveness of said order granting said change of venue, but on the contrary said counsel, both for plaintiff and defendant, and said plaintiff and defendant voluntarily appeared before your respondent, submitted their persons and the controversy to the jurisdiction of your respondent, and further recognized the legality and validity of the decree theretofore entered and rendered by your respondent by filing thereto motions for a new trial which in no way attack or question the jurisdiction, right, power and authority of your respondent to hear and determine the issues in said divorce suit and the custody of the children involved therein. And, as a further

recognition of the jurisdiction of your respondent, respondent states that heretofore, to-wit, on the 8th day of June, 1922, said Nell H. Sangster, acting by and through said Blodgett Priest and Jerome Duggan, as her attorneys, filed before your respondent plaintiff's motion for alimony and suit money pending appeal. This motion, your respondent has not yet heard, and is still pending and undetermined, as are also said motions for a new trial filed respectively by said plaintiff and defendant, *still pending and undetermined.* . . . And, from the time said change of venue was granted by said Division 16 to said Division 15 up to and inclusive of the present time, no objection or exception was made or saved by either of the parties to said cause, either in Division 16 or in Division 15. Therefore, your respondent respectfully states to the court that said parties submitted their cause and their persons to the jurisdiction of said Division 15, and that said Division 15 had full and complete jurisdiction to hear and determine the issues in said cause and to make orders *pendente lite* touching the care and custody of the children in said cause, and that by failing to object in either Division 15 or 16 at the time the change of venue was granted, all objections to said change and the validity and the legality thereof, have been by said parties to the divorce suit completely waived."

The foregoing averments are not denied in the reply of petitioner. For the purposes of this proceeding they must therefore be taken as true. Such being the case, and the record before us showing that the mother of petitioner, who was a party to the divorce suit and who appears in behalf of petitioner here, signed the application for change of venue, and that she as well as all other persons directly concerned in the litigation, voluntarily appeared and submitted to the jurisdiction of respondent Garesche, without exception to the action of Division 16 in granting the change of venue, and without complaint at any time, prior to the application for our writ, in either Division 16 or 15, any objection

to the sufficiency of the application is not now available. [Haxton v. Kansas City, 190 Mo. 53, 1. c. 70; Levin v. Street Ry. Co., 140 Mo. 624, 1. c. 630; Wright v. Kansas City, 187 Mo. 678, 1. c. 695, 696; State v. Lynn, 169 Mo. 664, 1. c. 670, 671; State ex rel. v. McKee, 150 Mo. 233, 1. c. 238.] The validity of the change of venue cannot, therefore, be successfully challenged.

II. To sustain his right of jurisdiction respondent Garesche relies upon Section 1806, Revised Statutes 1919, as construed by this court in the *habeas corpus* proceeding of In re Gladys Morgan, 117 Mo. 249. The contest there was between the mother, as petitioner, seeking to obtain possession of her child then in the custody of the father. The court, speaking through BLACK, C. J., after considering what is now Section 1806, said, 1. c. 256:

Concurrent Jurisdiction.

"The general rule is that, where one court has acquired jurisdiction over the parties and subject-matter of the suit, other courts will not interfere by the writ of *habeas corpus,* while the suit is pending and undetermined. [Church on Habeas Corpus, sec. 265.] If a court having jurisdiction of the parties in a divorce suit has the further power to award the custody of children to the party entitled thereto, the question as to such custody will not be adjudged on a writ of *habeas corpus* by another court, but the parties will be remitted to the court in which the divorce suit is pending for directions as to the custody of the children pending that suit. [In the matter of De Angelis, 1 Edmonds' Select Cases, 476; 2 Bishop on Marriage, Divorce and Separation, sec. 1184.] While Mr. Bishop says the rule is not quite so clear when there has been no order for the temporary custody of the child, still we hold that the rule as above stated is the true one, even where no such temporary order has been made. This proceeding should therefore be dismissed, and the parties remitted to the circuit court for proper orders as to the custody of the child pending the divorce suit."

In the case at bar the division of the circuit court over which respondent Garesche presides is a court of general jurisdiction. As such that division has jurisdiction of divorce proceedings. When the Sangster divorce suit was transferred on change of venue to said division, respondent not only acquired jurisdiction of the parties to that action, but, upon the authority of the Morgan Case, supra, became empowered to award the custody of the children, including petitioner, while the suit was pending. He assumed the jurisdiction so acquired and proceeded to make the order relative to the custody of petitioner which is herein complained of. In that respect the present proceeding presents a stronger argument for the supervising control of petitioner by respondent than did the Morgan Case, for there the circuit court had not, prior to the *habeas corpus* proceeding, intervened with respect to exercising control over the child involved.

It is urged, however, on behalf of petitioner, that if respondent ever had any jurisdiction over the person

**Suit Pending: Dismissal.** of petitioner, such jurisdiction was terminated by the decree dismissing both bill and cross-bill in the divorce suit.

A reference to the record before us discloses that subsequent to the rendition of the decree of dismissal, both parties to the divorce suit, plaintiff and defendant respectively, filed a motion for new trial which still remains undisposed of. The record further reveals that since said decree of dismissal there has been filed on behalf of Mrs. Sangster, the plaintiff in the divorce suit, a motion for alimony and suit money pending appeal, also a motion touching the custody of the two other minor children, both of which motions are still pending and undetermined. Under this state of facts it would appear that Mrs. Sangster continues to recognize the jurisdiction of respondent. Moreover in the face of the record, it cannot be asserted that the divorce proceeding has been finally determined, certainly not as long as the motions for new trial are pending. Under the circum-

stances, therefore, and in view of the fact that jurisdiction of the parties to the divorce suit carries with it the incidental power to make an award as to the custody of petitioner, we feel that the doctrine announced in the Morgan Case, supra, should control in this proceeding. As inferentially laid down in that case, l. c. 256, the circuit court has power from time to time, as circumstances change, to modify even a final decree as to the custody of children. And as enunciated in Robinson v. Robinson, 268 Mo. 703, a decree dissolving the marital relation and granting the custody of a minor child to the wife, may be modified even after the lapse of the term so as to grant an allowance for the future maintenance of the child. No good reason can consequently be urged against the circuit court determining the custody of a child so long as it has not finally and completely disposed of the litigation of which the question of custody is an outgrowth.

Our conclusion, therefore, is that respondent Garesche has full jurisdiction to award the custody of petitioner. The Loretto College, being unwilling to longer assume the responsibility of caring for petitioner, should be relieved. We accordingly direct the said college to remand the person of petitioner to the custody of respondent Garesche, for such other and further orders as to her keeping, care and control as to him may seem to be to the best interests of petitioner. Upon compliance with such order the said Loretto College is to stand discharged. All expense incident to the care of petitioner while at the said college since the issuance of our writ, if not otherwise provided for, shall be taxed as costs against R. D. Sangster, defendant in the divorce action.

It is so ordered. *James T. Blair, C. J., Graves, David E. Blair, Higbee* and *Walker, JJ.,* concur.