THE STATE ex rel. JULIAN C. WOLFNER v. DAVID H. HARRIS, Judge of Callaway Circuit Court.

**In Banc, December 30, 1925.**

**CHANGE OF VENUE: To Another Circuit: No Exceptions.** Under the statute (Laws 1921, p. 206, sec. 3973) declaring that "if the applicant shall allege prejudice of the inhabitants of more than one county in the circuit in which the case is pending, the court may, upon proof of the allegations, order the case sent to some county in the same or some other circuit where such causes do not exist," the order of the circuit court in which the information charging a crime was filed, upon the application of the defendant alleging prejudice of the circuit judge and of the inhabitants of the county, that the venue be changed to another county in another circuit, was at worst simply irregular or erroneous, and not void, and if no exceptions were saved at the time the order was made and in the court in which made the irregularity or error in the order awarding the change is not thereafter for consideration in any proceeding or court.

Criminal Law, 16 C. J., Section 329, p. 217, n. 50; 17 C. J., Section 3337, p. 74, n. 90.

Prohibition.

PRELIMINARY RULE DISCHARGED.

*W. C. Irwin* and *Dumm & Cook* for relator.

The sole contention in this case is whether or not the circuit court or judge thereof may, under the statutes, grant a change of venue to another circuit when the application for the change of venue alleges prejudice against the defendant of the court, and because the minds of the inhabitants of the county, are so prejudiced against the defendant that he cannot have a fair trial therein. Relator's position is that under the statute the

court cannot order a change of venue to another circuit unless the application for the change of venue alleges the prejudice of the inhabitants of more than one county, and that such an order is a nullity and void and confers no jurisdiction on the court to which the change of venue is granted, regardless of the fact that no objections to such order were made or exceptions saved at the time. Laws 1921, p. 206; State v. Gabriel, 88 Mo. 631; State v. Steen, 115 Mo. 474; State ex rel. Kniesly v. Holtcamp, 266 Mo. 381.

*Sam S. Haley* for respondent.

(1)   The action of the trial court, on the application of a change of venue, is a matter of exception, and such exception must be saved by proper bill, filed in the original court where the exception is taken.   State v. Lynn, 169 Mo. 664; State v. Nave, 185 Mo. 125; Haxton v. Kansas City, 190 Mo. 70; Wright v. Kansas City, 187 Mo. 696.   (2)   A defendant on trial for a criminal offense may waive the objection that the venue was changed to the wrong county.   State v. Gamble, 119 Mo. 427.   (3) The rule in criminal cases in regard to matters of mere exception is precisely the same as in civil cases.   Sec. 4039, R. S. 1919.   (4)   Every presumption should be indulged in favor of an order granting a change of venue. State v. Taylor, 132 Mo. 282.

OTTO, J.—This cause was submitted at the April term, 1925, but due to the illness and subsequent death of the member of the court to whom it was originally assigned the preparation of an opinion has been delayed until now.

This is an original proceeding in prohibition.   Briefly, the important facts necessary to an understanding of this cause are as follows:

On the first day of the November term, 1924, of the Circuit Court of Cole County, Missouri, the Prosecuting Attorney of Cole County filed in the circuit court an in-

formation charging relator herein with the offense of exhibiting a false paper to the Deputy Commissioner of Finance of the State of Missouri. On the same day relator herein filed his motion for a change of venue, alleging prejudice of the circuit judge *and of the inhabitants of Cole County,* and asking that the venue of the cause be changed to some circuit where said prejudice did not exist. Thereafter, the Circuit Court of Cole County granted and sustained the motion for a change of venue and ordered the cause sent to the Callaway County Circuit Court in another judicial circuit, to which order no objection was made or exception saved by the relator herein. In due course the transcript in the cause was filed in the Circuit Court of Callaway County and docketed for trial. Thereafter, and before a trial, relator herein filed in said court a motion to remand the cause to the Circuit Court of Cole County, upon the ground that the Callaway County Circuit Court was without jurisdiction to try the cause, which motion was overruled. Thereafter, the relator herein applied to this court for a writ to stay further proceedings on the ground that the Circuit Court of Callaway County was without jurisdiction to try and determine the cause and our preliminary rule in prohibition issued.

It is contended that the Circuit Court of Callaway County has no jurisdiction to try the cause for the reason that the Circuit Court of Cole County, under Section 3973, page 206, Laws 1921, which reads in part as follows: ". . . if the application shall allege prejudice of the inhabitants of more than one county in the circuit in which the case is pending, the court may, upon proof of the allegations as herein provided for, order the case sent to some county in the same or some other circuit where such causes do not exist," was without authority, where the motion alleged prejudice of the inhabitants of Cole County, to transfer the cause to another county and circuit and that the order was a nullity and void.

That the order granting the change of venue was a nullity and void we do not agree for the reason that the

Circuit Court of Cole County had jurisdiction of the offense and of the relator herein and had the power to grant a change of venue. The order was at most irregular or erroneous, but not absolutely void or a nullity. [State ex rel. Herriford v. McKee, 150 Mo. 233; State v. Lynn, 169 Mo. 664, 670; Levin v. Met. St. Ry. Co., 140 Mo. 624, 630; Coffey v. City of Carthage, 200 Mo. 616, 623.]

Nothing is better settled in the practice of this State than that the only way to remedy the irregular or erroneous awarding of a change of venue is by saving exceptions at the time the change is ordered and in the court in which ordered. [Potter v. Adams, 24 Mo. 159, 161; State v. Gamble, 119 Mo. 427, 430; State ex rel. Herriford v. McKee, 150 Mo. 233, 238; State v. Lynn, 169 Mo. 664, 671; Levin v. Met. St. Ry. Co., 140 Mo. 624, 630; Coffey v. City of Carthage, 200 Mo. 616, 623; State v. Allen, 267 Mo. 49, 57, 183 S. W. 327.]

There is no pretense that exceptions were saved in the manner aforesaid, when the change was ordered.

For the reasons stated our preliminary writ is quashed. All concur.