THE STATE *ex rel.* SCOTLAND COUNTY v. BACON, Judge.

107 627
53a 400
53a 568
107 627
o150 239
107 627
157 495
107 627
97a ¹300

DIVISION TWO.

1. Civil Practice: CHANGE OF VENUE: SPECIAL JUDGE. Under the proviso in Revised Statutes, 1889, section 2262, relating to changes of venue because of objection to the judge, the latter cannot order a change of venue to another county until reasonable opportunity has first been given the parties to agree upon or to elect a special judge.

The State ex rel. Scotland Co. v. Bacon.

2. —— : ——— : ———. The court, under the above proviso, may order the election, but it is the duty of the clerk to hold it.

3. —— : ——— : ———. Where the special election cannot be held because of the absence of the requisite number of lawyers, or for other cause, the court may order the change of venue.

4. **Constitution : SPECIAL JUDGE.** The law authorizing the election of special judges is constitutional. (*Barnes v. McMullins*, 78 Mo. 268, and cases cited.)

5. **Practice : CHANGE OF VENUE.** Where a change of venue has been improperly awarded to another county, the better practice is for the court of the latter county to remand the cause, and not to strike it from its docket.

## *Mandamus.*

·PEREMPTORY WRIT DENIED.

*John C. Moore* for relator.

( 1 ) Revised Statutes, 1889, section 2262, required that reasonable opportunity be given to agree on, or to elect, a special judge before the court can award a change of venue. *Lacy v. Barrett*, 75 Mo. 469, and other cases were decided before the amendment of 1889.

*Thos. H. Bacon pro se.*

MACFARLANE, J.—This is a proceeding by *mandamus*, to require respondent, as judge of the Hannibal court of common pleas, to proceed with the hearing and determination of a certain cause, now pending in said court, as is alleged by relator.

Respondent entered his voluntary appearance, waived the issuance of an alternative writ, and answered to the petition, as to the writ, which is to be taken as a return thereto.

The petition sets out, in substance, that at the February term, 1891, there was pending in the circuit court of Scotland county a certain suit, in which the state of Missouri, at the relation and to the use of Scotland county, was plaintiff, and Joel Ewing and ten

The State ex rel. Scotland Co. v. Bacon.

others were defendants ; that on the fourteenth day of February, 1891, defendants filed an application for a change of venue in said cause, alleging as cause therefor the prejudice of the judge of said court. Thereupon the judge allowed the parties a reasonable opportunity to agree upon a special judge to try said cause, and they could not agree. Defendants thereupon asked a reasonable opportunity for the election of a special judge to try said cause ; thereupon it was shown, and appeared, and the court found, that there were but two regular, practicing attorneys of the court not engaged in the cause who were present ; that there were also present six other licensed attorneys, five of whom had no case on the docket, and one had a single case. One of these six had not had a case in court for several years. Three of them had not had a case in ten years. The two regular, practicing lawyers said they would neither vote at an election, nor act as special judge. Besides the regular, practicing lawyers enumerated, there were six present who were engaged as attorneys in the case. They also said they did not wish to vote for the election of a special judge.

The judge of the court then announced that the parties, not being able to agree upon a special judge, he would order a change of venue, because he did not believe it would be justice to either of the parties litigant, to try the cause before a member of the bar who might be selected under the circumstances. Because it had been stated, in open court, and not denied, that the matter in issue had been a subject of two political campaigns in the county, and had created considerable personal feeling ; that he feared an election would result in selecting some one, who might be prejudiced or biased as a judge, in the trial of the case ; that it would be in the interest of justice, and justice demanded, since the parties could not agree, and refused to agree, on a person to try the case, that it be sent where a trial could be had, before a regular circuit

judge. For this reason he declined to permit an election to be had. A change of venue was ordered to the Hannibal court of common pleas, to which court the transcript was afterwards sent, and the case docketed therein.

A motion was made by defendants, in said court, to strike the cause from the docket, which was heard by the court, respondent being the judge thereof, the motion sustained and the cause stricken from the docket. The court refusing to reinstate the cause, or to allow an appeal from the order striking it from the docket, and refusing to hear and determine the cause, this proceeding was commenced in this court to require respondent to proceed and try the case. Respondent insists that the Hannibal court of common pleas never acquired jurisdiction of the cause, for the reason that the change of venue was improperly ordered.

The question thus presented is, whether, under the circumstances shown by the foregoing statement, the judge of the Scotland county circuit court had authority to order a change of venue in the cause, without first allowing a reasonable opportunity "for the election of a special judge as provided by law."

The solution of the question involves the construction of section 2262 of the article relating to changes of venue in civil cases, and sections 3323 and 3324 of the article on circuit courts, all of the Revised Statutes of 1889. These sections are as follows: ·

"Sec. 2262. If reasonable notice shall have been given to the adverse party, or his attorney of record, the court or judge, as the case may be, shall consider the application, and if it be sufficient a change of venue shall be awarded to some county in the same or an adjoining circuit where the cause or causes complained of do not exist, as convenient as may be to the opposite party: *Provided*, that, where the application for a change of venue is founded on the interest, prejudice or other objection to the judge, a change of venue shall not be

awarded to another county without a reasonable opportunity having first been allowed the parties to agree upon a special judge, or for the election of a special judge as provided by law.''

''Sec. 3323.   Whenever the judge, from any cause, shall be unable to hold any term or part of term of court, and shall fail to procure another judge to hold said term or part of term, or the judge is interested or related to, or shall have been counsel for either party, or when the judge, if in attendance, for any reason, can not properly preside in any cause or causes pending in such court, and the parties to such cause or causes fail to agree to select one of the attorneys of the court to preside and hold court for the trial of cause or causes, the attorneys of the court who are present, but not less in number than five, may elect one of its members then in attendance having the qualifications of a circuit judge, to hold the court for the occasion.

''Sec. 3324.   The election shall be held by the clerk of the court, who shall, in case of a tie, cast the deciding vote.''

Upon first impression in reading the record setting forth the action and ruling of the judge of the circuit court of Scotland county, in refusing to permit the election of a special judge, and in peremptorily ordering a change of venue, we were, and for that matter still are, of the opinion that, under the circumstances, the proper administration of justice required him to proceed in the manner he adopted, and that the judicial discretion we supposed he possessed had been wisely exercised.   It is with great reluctance, therefore, after a careful consideration, that we have come to the conclusion that the *proviso* to section 2262 has deprived circuit judges of all discretion, and that no order for change of venue can be made until after ''reasonable opportunity'' for holding an election has been given.

It will be seen that section 2262 is the same as section 3733 of the revision of 1879, except that the

*proviso* has been added to the former. The other two sections remain the same as sections 1107, and 1108 of the revision of 1879.

It is manifest that the law, providing for the selection of a special judge, either by agreement or election, in case of the disqualification of the judge of the court, was intended to provide for the trial of cases in the forum, in which the law intended they should be tried, and by this means avoid the delay, inconvenience and expense, which would necessarily be incurred in a trial in a place remote from the homes of litigants, witnesses and counsel. Before the amendment of section 2262, the statutes were brought before this court for construction, particularly as to whether the regular judge of the court had the discretion to order a change of venue, without first giving an opportunity to the parties and attorneys to agree upon or elect a special judge. This question was very carefully considered in the case of *Barnes v. McMullins*, 78 Mo. 267. It was there held that, when the disqualification of the judge was shown to exist, he could either at once order a change of venue, or wait a reasonable length of time, for the parties or the members of the bar to elect a special judge. After that decision, and while the original law continued in force, the discretion of the judge in this matter was never questioned, and the uniform practice of the judges on the circuits was to order a change of venue in such cases, if, in their judgment, the fair and proper administration of justice required it.

The law, with the construction thus placed upon it, went before the revising session of the legislature in 1889, and section 2262 was enacted, being the same as the previous law, with this significant *proviso :* " *Provided*, that, where the application for a change of venue is founded on the interest, prejudice or other objection to the judge, a change of venue *shall not be awarded to* another county without a reasonable opportunity

VOL. 107, OCTOBER TERM, 1891.        633

The State ex rel. Scotland Co. v. Bacon.

having first been allowed the parties to agree upon a special judge, or for the election of a special judge as provided by law."

This most emphatic provision was placed, not only in the statute, but as a proviso to the very section, under which the right to exercise the discretion was found, and must have been designed to accomplish a material and radical change, in the practice of ordering changes of venue. It must have been thought that the discretion which had, under the old law, been exercised by the courts was an abuse of power and an evil which required complete eradication; we are able to place no other construction upon it. Its terms leave no doubtful meaning.

The conclusiveness of the arguments, made by counsel for relator, against the wisdom of the law in depriving a circuit judge of the right to use a reasonable discretion in such matters, and the evils that may result therefrom, in the obstruction of judicial proceedings, in delays in the administration of justice, in securing interested or prejudiced judges, and in many other ways, may be conceded. It must be kept in mind, however, that the legislature is the law-making department of our state government, and that courts have no right to question the wisdom of its actions so long as it keeps within the bounds of the constitution, or "to enlarge or to restrict the legislative meaning to harmonize with any views of our own concerning its wisdom or expediency." *Henry & Coatsworth Co. v. Evans*, 97 Mo. 52. This proviso is too plain to admit of construction, and whether wise or unwise is not for us to say.

While it was held under the law, before amendment, that the court, in case the disqualification of the judge existed, or was shown in the manner provided, could make no order for an election of a special judge; but that his functions, as to that case, ceased at once (*Lacy v. Barrett*, 75 Mo. 469; *Barnes v. McMullins*,

78 Mo. 267 ), we think the requirement of the present law to give "reasonable opportunity" implies the duty of the court to order the holding of an election. It is better also that the record in the case be kept complete. After the order has been made, the clerk should hold the election, as provided by section 3324, and following sections. The law places the entire control and management of the election in the hands of the clerk. *Lacy v. Barrett*, 75 Mo. 470.

It may be proper here also to remark, though probably unnecessary in this case, that the statute was never intended to abolish altogether the right of a party to a change of venue, nor to deprive the court of the power to make the order, but such right or power is made contingent upon a failure to agree upon, or elect, a special judge. This is apparent from the fact that the other sections of the article providing for changes of venue are retained. We are then of the opinion that, if for want of the requisite number of lawyers, or for any other cause, an election cannot be held, or a special judge, who will act, elected; the clerk should report that fact to the judge who should then order a change of venue.

The constitutionality of the law has been so often affirmed that we do not deem it necessary to reconsider that question. *Barnes v. McMullins*, 78 Mo. 268, and cases cited.

We think the better practice would have been to have ordered the case remanded to the circuit court of Scotland county, instead of striking the case from the docket. Peremptory writ denied. All concur.