STATE ex rel. HERRIFORD v. McKEE, Circuit Judge.

In Banc, May 30, 1899.

1. **Change of Venue: ERROR IN AWARD: NO EXCEPTION.** Error in awarding a change of venue can not be corrected unless excepted to in the court which ordered the change, since the erroneous order, being within the court's jurisdiction, is not a nullity.

2. ————: DISQUALIFICATION OF JUDGE: NO AGREEMENT OR ELECTION. Under Revised Statutes 1889, section 2262, as amended by Laws 1895, page 93, providing that a change of venue to another county because of disqualification of the judge shall not be awarded if the parties agree on a special judge, or request the election of one, a change of venue may be ordered because of the disqualification of the judge without asking the parties whether they will agree on a special judge or consent to the election of one, it being incumbent on them to make the agreement or consent to the election on their own motion.

State ex rel. v. McKee.

3. ———: MANDAMUS: PRESUMED TO BE CORRECT. On an application for a writ of mandamus to the judge of a circuit court to compel him to reinstate a cause on the docket after he has granted a change of venue therein to another county, because the granting of the change was erroneous, it will be presumed that the order granting the change was correct until the contrary appears.

4. ———: ———: WHEN IT WILL NOT LIE. Mandamus will not lie to compel the circuit court to take jurisdiction of a cause after it has erroneously granted a change of venue therein, the granting of a change of venue being within its jurisdiction.

5. ———: ———: REVIEWABLE ON APPEAL: NO WRIT. An order granting a change of venue being reviewable on appeal or error, mandamus will not issue to correct it, though the aggrieved party, by failing to except, lost his right to have it reviewed.

6. ———: ———: WHAT PETITION MUST SHOW. A petition for mandamus to the circuit court to compel it to take jurisdiction of a suit because its order granting a change of venue therein was erroneous in that it was made without asking the parties whether they would agree on a special judge, or consent to the election of one, must show that at the time the change was ordered there was present or available a person competent to act as special judge, or that the requisite number of lawyers were present, from whom and by whom a special judge could be elected. (State ex rel. v. Bacon, 107 Mo. 627, overruled.)

## Mandamus.

PEREMPTORY WRIT DENIED.

D. A. ROUNER and O. D. JONES for relator.

The Supreme Court said in State ex rel. v. Bacon, 107 Mo. 631, "We have come to the conclusion that the proviso in section 2262 has deprived circuit judges of all discretion and that no order for change of venue can be made until after 'reasonable opportunity' for holding an election has been given." The clause quoted on page 632 of the opinion, remains in substance in section 2262 as amended. (Page 93, Laws 1895 Mo.) It is, "And provided further that when the application is founded on the interest, prejudice or other objections to the judge, a change of venue shall not be awarded to another county if the parties shall thereupon

agree upon a special judge, or if both parties request the election of a special judge." If the parties do so agree no change from the county can be made. Their failure to agree is made a condition precedent, a jurisdictional fact, to the exercise of the judicial act of making the order changing the venue to another county. Just as well dispense with any other fact, such as the presentation of a sufficient application. Change of venue, like that of appeal, is a statutory right and no presumptions are entertained one way or the other as to the jurisdictional facts as in other cases of trial courts.

J. M. JAYNE and C. D. STEWART for respondent.

SHERWOOD, J.—This proceeding questions the correctness of the action of Judge McKee in awarding a change of venue from the circuit court of Knox county to that of Schuyler county.

The petition for the alternative writ, among other things in substance and form alleges the presentation of the application upon due notice given, "based alone on the ground of the prejudice and disqualification of the judge," etc., whereupon the respondent judge "immediately awarded the venue to the circuit court of Schuyler county, Missouri, without asking the parties whether they could or would agree on a special judge to try the cause, or whether both parties would consent to the election of attorney at the bar, present at an election to be held by the clerk, as provided by law; and failed and refused to enter on the record preceding the awarding of the change of the venue to Schuyler county the truth and the fact as to said agreement or failure of the parties to agree as aforesaid." The petition then alleges the sending by the clerk of the Knox circuit court of the transcript, etc., to the clerk of the Schuyler circuit court; that when the cause came on to be heard at the next term of the latter court it was then and there held by that court that no

jurisdiction had been acquired by that court, "because of the failure of the judge of the Knox circuit court to afford the parties an opportunity to choose a special judge, or to agree to choose an attorney of the bar to be elected according to law, and as provided by law, and because of the silence of the record on those facts and subjects it failed to appear and show that the Schuyler circuit court had jurisdiction of the cause."

Thereupon the judge of the court last mentioned, directed the clerk of his court to certify the cause back to the court from whence it came, and this was done. When the Knox circuit court convened at its next term, the defendant in the cause moved the court by written motion, to strike the same from the docket. Plaintiff thereupon (relator herein) called the attention of the judge of the Knox circuit court to the ruling of the Schuyler circuit court, and also moved the court by written motion to proceed and ascertain whether the parties could or would agree on a special judge, etc., but the judge denied the motion of plaintiff and then and there made an order striking the cause from the docket, and would not reinstate the same.

The respondent judge, waiving the issuance of the alternative writ, appeared and filed answer in which he admits most of the allegations of the petition and then specifically states: "Admits that he granted a change of venue without asking the parties whether they could or would agree on a special judge to try the cause, or whether both parties would consent to the election of an attorney of the bar present at an election to be held by the clerk. Admits that the clerk of the Knox circuit court, as commanded, made out and sent to the office of the clerk of the circuit court of Schuyler county a complete transcript of the record and the original papers in the cause and the ten dollars filing fee required by law, and sent the same to said clerk of said Schuyler county. Admits that at the May term, 1898, of the Schuyler county

circuit court, then and there held that the circuit judge thereof held that he did not have jurisdiction of said cause; but for what cause said court did not have jurisdiction of said cause this respondent does not know nor can he state; nor does he know the reason or reasons said court assigned for it not having jurisdiction of said cause, and for it directing the clerk of said court to certify said cause back to the circuit court of Knox county.  Admits that the defendant in said cause at the June term of the Knox circuit court, 1898, filed a motion in said court before the Hon. Ed. R. McKee, judge, moving and asking him to strike said cause from the docket of said court, a copy of said motion so filed and duly certified to by the clerk, is hereto attached and marked "Exhibit D."  Admits that thereupon the plaintiff called this respondent's attention to the ruling of the circuit court of Schuyler county in this action and claiming that the Knox circuit court should proceed and ascertain whether the parties could or would agree on a special judge or whether they would consent to the election of a lawyer by the members of the bar present to try the cause.  Admits that he sustained defendant's motion and struck said cause from the docket.  Admits that during the said last mentioned term of said Knox circuit court the plaintiff filed her motion to reinstate said cause on the docket of said court, and that this motion the court refused to sustain.

"Respondent for further answer to said petition, denies each and every allegation therein contained not hereinbefore admitted to be true.

"Respondent for further answer states that at the time the said plaintiff in said suit as aforesaid filed her application for a change of venue as aforesaid, and at the time respondent, as such judge, passed upon and granted said change of venue the parties to said suit did not thereupon agree upon a special judge, nor did both parties request the election of a special judge to try said cause."

1.   Ever since Potter v. Adams, 24 Mo. 159, it has been
the settled doctrine of this court that the only way to remedy
the improper awarding of a change of venue is by saving
exceptions at the time the change is ordered and in the court
in which ordered.   [State v. Knight, 61 Mo. 373; State v.
Dodson, 72 Mo. 283; Squires v. Chillicothe, 89 Mo. 226;
Keen v. Schnedler, 92 Mo. 516; Stearns v. Railroad, 94 Mo.
317.]   There is no pretence that exceptions were saved in
the manner aforesaid, when the change was ordered.

In the case last cited, it was sought by plaintiffs by bill
in equity to have declared null and void a decree entered in
favor of the railroad company and against Stearns for the
recovery of a large sum of money and the foreclosure of his
equity of redemption in some 8,000 acres of land.   Stearns
appeared and filed an answer, and the plaintiff moved to strike
out a part thereof.   Thereafter, and at the August term,
1878, the Newton circuit court made an order changing the
venue of the cause to the Greene county circuit court.   This
order, it is alleged, "was made without, and not founded upon,
or pretended to be founded upon, any disability or disquali-
fication of the judge of said Newton circuit court, on account
of his being interested in, or related to, either party, or by hav-
ing been of counsel in said case, and without any application
having been made therefor by either party to said cause, and
without any consent of the parties in writing being filed in
said Newton circuit court, as provided and required by law."
The Greene circuit court, upon the filing of the transcript
therein, took cognizance of the cause, and sustained the mo-
tion to strike out part of the answer.   Stearns appeared in
that court for the special purpose of making a motion to
strike the cause from the docket for want of jurisdiction of
that court.   This motion being overruled, he made no fur-
ther appearance, and thereafter the court rendered a judg-
ment and decree in conformity to the prayer of the petition.

To a petition filed in the Greene circuit court alleging the foregoing facts, as placed in quotations, the defendant successfully demurred, and final judgment went on the demurrer. After discussing the case thus stated, and commenting on the authorities already cited, it is said: "The Newton county circuit court had full and complete jurisdiction of the subject-matter of that suit and of the parties thereto. It is a court of general jurisdiction, proceeding according to the course of the common law. It had power to award a change of venue of the cause; and the logical result of the authorities cited is, that the order had the effect to transfer the cause to the Greene circuit court. If made without any cause existing therefor, or upon an insufficient affidavit, or on no affidavit at all, still the order is not a nullity. These are but errors and irregularities, available only to the opposing party by writ of error or appeal sued out from the final judgment in the cause in which the errors were made. They are of no avail whatever to the party against whom they were made in a collateral proceeding like this. It follows that the Greene county circuit court had jurisdiction of the suit and of the parties thereto, and the judgment is not void or voidable in a suit like this one, there being no charge of fraud." The case just quoted from seems decisive of the one at bar.

2. But the case of State ex rel. v. Bacon, 107 Mo. 627, has been pressed upon our attention as opposed in effect to the decision of that case, and this by reason of a change in the statute having occurred since the rulings heretofore noted. The change referred to consists of the addition of the following proviso to section 3733, R. S. 1879, as the same now appears in section 2262, R. S. 1889, to wit: "Provided, that where the application for a change of venue is founded on the interest, prejudice or other objection to the judge, a change of venue shall not be awarded to another county without a reasonable opportunity having first been allowed the

parties to agree upon a special judge, or for the election of a special judge as provided by law."

Section 2262 aforesaid has since been amended and a proviso substituted in lieu of the one just quoted, and it is the following: "And provided further, that where the application is founded on the interest, prejudice or other objections to the judge, a change of venue shall not be awarded to another county if the parties shall thereupon agree upon a special judge, or if both parties request the election of a special judge; and in the latter case a special judge shall be elected as provided by law." [Laws 1895, p. 93.] So that the words "reasonable opportunity" have been entirely eliminated from the statute and from consideration, and it was upon those words that the case of State ex rel. v. Bacon turned and was decided. The statute as it now stands amended, does not any longer require the judge who is charged with prejudice, etc., to give the parties "a reasonable opportunity," etc., but casts upon their shoulders the duty of acting when the application is presented, to wit, by agreeing upon a special judge, or by both parties requesting the election of a special judge. The return of the respondent judge shows that no such agreement on a special judge was made nor a request by both parties for the election of a special judge. This allegation not being controverted stands admitted of record, and shows the action of the judge of the Knox circuit court to have been entirely correct and in entire conformity to the present statute. But apart from such return, the presumption would be that the Knox circuit court acted correctly in awarding the change of venue.

Such favorable presumptions invariably attend the acts and doings of courts of general jurisdiction unless countervailed in an appropriate way. [Huxley v. Harrold, 62 Mo. 516, and numerous other cases.]

3.   The case of State ex rel. v. Bacon, *supra,* was incorrectly decided, however, even if Judge Bacon did fail to

give the parties "a reasonable opportunity," etc.; and for these reasons: Under the authorities heretofore quoted, the only remedy recognized by this court for the unauthorized changing of the venue is by exception properly preserved at the time. In other words, the erroneous granting of a change of venue is a matter purely of exception, and such matter can not be preserved save in the only repository known to the law, to wit, a bill of exceptions, something which the record recitals can not supply. [Nichols v. Stevens, 123 Mo. 96, and cases cited.]

These former rulings of this court on the absolute necessity of preserving exceptions in order subsequently to take advantage of an erroneous ruling respecting a change of venue were wholly overlooked or else ignored in Bacon's case, and therein and thereby error was committed; error which we refuse to sanction.

4. The circuit court of Knox county was a court of general jurisdiction; it had jurisdiction over the general class of cases of which plaintiff's case was a member and the jurisdiction of that court had attached to the particular subject-matter which constituted plaintiff's cause of action, and this by reason of suit brought and process served on the defendant in the cause as well as by his personal appearance to the action. This being the case, the exercise of the complete jurisdiction thus possessed by the Knox circuit court, was not ousted by reason of the fact that such jurisdiction was erroneously exercised, if indeed it was thus exercised. The distinction lies between the existence of jurisdiction and its erroneous exercise. Because: "The power to decide correctly, and to enforce a decision when correctly made, necessarily implies the same power to decide incorrectly, and enforce a decision when incorrectly made" (Davis v. Packard, 10 Wend. loc. cit. 71); and there is no more divestiture of jurisdiction in the latter case than in the former. Jurisdiction still survives despite of error committed; this is the

result of all the authorities. And the jurisdiction of the Knox circuit court was not at all affected by reason of the fact, if it was a fact, that that court acted in contravention of a proviso to a statute, rather than any other portion thereof.

Nor was the order for the change of venue in relator's case any more a special jurisdictional act than a hundred other similar orders made by the circuit courts in the customary course of their daily duties, as for instance the issuance of a writ of garnishment or the ordering of a venire; hence no manner of necessity existed to cause the record to make recital about the failure of the parties to agree upon a special judge or to request the election of such a judge. And even had there been such necessity, its existence being ignored would not destroy the existence of the jurisdiction of the trial court to do the act now challenged.

Recurring to the subject just intermitted, of the proviso to the statute, it is in line with previous remarks to state that the disobedience of a positive statute or even of a prohibitory statute, does not abate by one jot or one tittle the power of the disobedient court to make and enforce the improper and lawbreaking order. This principle is illustrated and exemplified by numerous cases and denied by none.

Thus in Martin v. State, 12 Mo. loc. cit. 475, the effect of the disobedience by a trial court of a prohibitory statute was discussed by Judge Ryland, who speaking for the court, said: "The St. Louis circuit court, and the judge thereof in vacation, had the power to grant and issue the writ. This gives to such court or judge jurisdiction over the subject-matter; and though the statute expressly declares that 'no person imprisoned on an indictment found in any court of competent jurisdiction, or by virtue of any process or commitment to enforce such indictment can be discharged under the provisions of this act; but may be let to bail if the offense be bailable, and if the offense be not bailable he shall be remanded forthwith,' yet this section does not take away

the jurisdiction, but orders and directs what shall be done. A circuit judge, therefore, discharging, against this provision of the statute, may be considered as acting indiscreetly, even erroneously. Yet having jurisdiction over the subject, his order discharging must be considered a justification to the jailer in turning out the prisoner. . . . The circuit judge having authority to issue the writ of *habeas corpus* (and this point the attorney for the State in his brief admits, but contends that all the subsequent acts of the judge are not only against but beyond his jurisdiction and are utterly void), his act afterward in discharging Jackson, the prisoner, although it may have been erroneous and contrary to law, yet it could not be said to be an act *coram non judice*. There is a broad and obvious distinction between the illegal judgment of a court having jurisdiction, and the act of a court without jurisdiction."

In Ex parte Jilz, 64 Mo. 205, Martin v. State, 12 Mo. 474, as well as Yates v. People, 6 Johns. 337, were approvingly followed, and the same thing occurred in State v. Wear, 145 Mo. 162, in a most elaborate and exhaustive opinion delivered by Judge BURGESS, in which the principle now being discussed was illustrated and enforced by a wealth of argument and authority.

The true rule in cases like the present is the one announced by the Supreme Court of Wisconsin in a case where a statute of that State prohibited strict foreclosures of mortgages except by consent of parties in open court but such a decree without consent was held not to be void, the court saying: "The only question in such case is, had the court or tribunal power, under any circumstances, to make the order or perform the act?" [Salisbury v. Chadbourne, 45 Wis. loc. cit. 77; Vanfleet's Col. Attack, secs. 61, 670.]

5. Furthermore, the writ of mandamus can not be made to perform or to usurp the functions of an appeal or writ of error. Where the matter is reviewable by appeal or writ of

error, and where the party may obtain redress in the ordinary course of judicial proceedings, mandamus will be refused. [2 Spelling Extr. Rel., sec. 1390; State ex rel. v. Lubke, 85 Mo. 338; Blecker v. St. Louis, 30 Mo. 111.]

"It does not lie to correct the errors of inferior tribunals by annulling what they have done erroneously, nor to guide their discretion, nor to restrain them from exercising power not delegated to them." [ Dunklin Co. v. Dist. Court, 23 Mo. 449.] The granting or the refusal of a change of venue may be erroneous; but the party in such case has his remedy by appeal or writ of error and mandamus does not lie in such case. The action of the trial courts in refusing or granting a change of venue is constantly reviewed on appeal or error. [State v. Alexander, 66 Mo. 148; Corpenny v. Sedalia, 57 Mo. 88; Woodrow v. Younger, 61 Mo. 395; State v. Burns, 54 Mo. 274, and other cases.] "And the fact that the person aggrieved has, by neglecting to pursue his statutory remedy placed himself in such a position that he can no longer avail himself of its benefit, does not remove the case from the application of the rule, and constitutes no ground for interference by mandamus." [High's Extr. Leg. Rem. (3 Ed.), sec. 16.]

And the same rule would doubtless hold where a person, by failing to except at the proper time, has put it out of his power to review by appeal or error the improper granting of a change of venue.

6. Moreover, even if relator were entitled to the writ on other grounds, still it must be denied to her on this one alone regardless of all other considerations: There is no allegation in the petition that when Judge McKee awarded the change of venue that there was any person present or available competent to act as special judge, or that the requisite number of lawyers were present from whom and by whom to elect a special judge. This of itself is fatal to relator's success.

7. Finally, our conclusion from the premises is that jurisdiction of this cause is now in the Schuyler circuit court, and we deny the peremptory writ.

All concur.