State ex rel. v. Flournoy.

THE STATE ex rel. SPRAGUE et al. v. FLOURNOY, Special Judge.

In Banc, February 19, 1901.

1. **Change of Venue:** DEPOSIT OF $10 FEE. Under section 833, Revised Statutes 1899, requiring a party to an action in the circuit court to deposit $10 on applying for a change of venue to a different county, such motion is properly denied where such deposit is not made.

2. ————: ————: SPECIAL JUDGE: ELECTION WITHOUT AGREEMENT OR REQUEST. Section 833, Revised Statutes 1899, requires a party to an action in the circuit court to deposit $10 on applying for a change of venue to another county. Section 822 provides that such change shall not be granted outside the county on the ground of the prejudice of the judge if the parties agree upon a special judge or request the election of a special judge. The parties to an action in which a motion for change of venue for disqualification of the judge was made did not agree and did not request the election of a special judge, but an election was ordered, and the special judge elected. *Held,* that the special judge had no jurisdiction to try the cause, since, even though the $10 deposit had not been made, the cause should have been changed to another county, the parties not having requested the election of a special judge.

3. ————: ————: ————: ————: SECTION 1679 NOT APPLICABLE. Section 1679, Revised Statutes 1899, providing that when a judge can not properly preside in a cause, and the parties fail to agree to select an attorney as a special judge the attorneys may select a judge to try the cause, does not authorize the election of a special judge to try a cause without the consent of the parties thereto after the interposition of a motion for change of venue based on the disqualification of the judge.

*Mandamus.*

PEREMPTORY WRIT DENIED.

State ex rel. v. Flournoy.

*Warner, Dean, McLeod & Holden* and *Paxton & Rose* for relators.

(1) If it is contended that the general statutes do not apply to the court at Independence, then the statute leaves a discretion in the judge, as the statute (Laws 1879, p. 82, sec. 11) provides: "But if reason exist against both the judges of said court, then such change may be allowed to the circuit court of some contiguous county, unless otherwise disposed of according to law." Since that time the number of judges has been increased to four, so that we presume the above act would be construed to read: "But if reason exist against all of the judges of said court, etc." We think this word "may" and the words "unless otherwise disposed of according to law," give the court a discretion, which was wisely exercised in ordering the election of a special judge, instead of sending the case out of the county, when the plaintiffs refused to deposit the customary $10. But we doubt not the general law applies to the circuit court of Jackson county, only modified as far as neeessary by the special acts. If we concede that had plaintiffs made an affidavit against all four judges and deposited $10 with their application, they would have been entitled to a change of venue out of the county, still they failed in two particulars. 1st. They did not deposit $10 and stated that they never intended to do so. Now sections 822 and 833, Revised Statutes 1899, only apply to a particular state of facts; and when plaintiffs failed to bring themselves within these sections, section 1679, which applies to any case "when the judge, if in attendance, for any reason can not properly preside in any cause," etc., comes into play. Section 833 not only provides that the party applying for the change of venue out of the county shall deposit $10 with his application, but provides further that "no transcript shall be transmitted or

received by any clerk on such change of venue unless said sum of $10 shall accompany such transcript." Thus there was no judge in the county qualified to try the cause, and the case could not go out of the county, so that there was nothing to do except to elect a special judge. The judge in attendance could not try the cause; and it was manifestly useless to continue the case or transfer it to Kansas City or call in another judge. 2d. But the affidavit for a change of venue was only against two of the judges, and the effect of this affidavit was to send the case, not out of the county, but to one of the other two judges. This transfer, under the statutes and past practice of the court can be made in three ways. (a) One of the other judges can be called in to try the case. (b) The case can be continued to the next term when another judge will hold court. (c) The case can be transferred to another division in Kansas City. But after the affidavit for a change of venue, both parties agreed that the other two judges were interested and could not try the cause. This being manifest, we think the clerk did right to hold the election at once instead of causing a useless delay after the parties had gotten ready at great expense. We do not think that this court will hold that the case should have been sent around with no object except to find out what everybody knew already. (2) There is another proposition in this case which ought to determine it. Sections 1679 to 1683 came up before the court for construction in Barnes v. McMullins, 78 Mo. 260. The court in deciding that case further said that the law as it stood prior to the act of 1877, compelled a change of venue when any of those disqualifications occurred. But the Act of 1877 authorized the election of a temporary judge when the judge had been of council, or was interested in the cause or related to either party, and when the judge, if in attendance, for any reason can not properly preside in any cause, and the parties

fail to agree upon a special judge. The act does not specifically designate the disqualification rising from prejudice or undue influence, but it provides for an election when the judge is disabled from properly presiding for any reason. When that reason is apparent, it is a matter of no consequence whether it is one of the grounds for change of venue or not. The act authorizes an election when the judge can not preside for any reason. State v. Daniels, 66 Mo. 192; Ex parte Allen, 67 Mo. 535; Lacy v. Barrett, 75 Mo. 469. Afterwards the law relating to the change of venue was amended by adding a proviso. Laws 1889, sec. 2262. This amendment to the act was made without any corresponding amendment to the statute relating to the election of a special judge. This proviso came before this court for interpretation in State ex rel. Scotland County v. Bacon, 107 Mo. 627. In that case, this court determined that a change of venue could not be allowed to another county until a reasonable opportunity had been first given to the parties to agree upon or to elect a special judge. At the time this last proviso was added, there was still in full force the provision which appears in the revisions of 1879, 1889 and 1899, which is numbered section 819 in the last revision. R. S. 1889, sec. 2259b. This section requires the consent or agreement that the judge may sit notwithstanding his disqualifications, and likewise an agreement that a particular person may act as special judge in the trial of the cause, but it does not require an agreement for the election of a special judge. On the contrary, it expressly authorizes one to be elected in the manner provided by law. Since the decision of Barnes v. McMullins, it has always been construed in the practice that this section meant that the judge had in such cases the discretion authorized by that opinion under that section as he had under the previous section 818.

*Sam. W. Hilt* for respondent.

Respondent's election was illegal. The record shows no objection on the part of plaintiffs in said cause to either Judge Gates or Gibson, and either of these two judges could have been called in or agreed upon to try the case until the filing of the affidavit of relators. R. S. 1899, sec. 819. The record shows that the court held the affidavits and application for a change of venue was sufficient, and after so ruling the case should have been sent out of the county, upon the failure of the parties to agree, or request the election of a special judge, which was not done. R. S. 1899, sec. 822; State ex rel. v. McKee, 150 Mo. 233; Douglass v. White, 134 Mo. 228. If the $10 deposit was absolutely necessary to make plaintiffs' application sufficient and they did not deposit it, then Judge Henry was not disqualified, and should have proceeded to try the case, and the election of a special judge was illegal and void, and the case is still pending and untried. State v. Tarlington, 102 Mo. 653.

SHERWOOD, J.—A suit respecting a will was pending before the circuit court of Jackson county at Independence, between J. J. Vaile et al., plaintiffs, v. Olivia Sprague et al., defendants. Plaintiffs filed an affidavit for a change of venue based on the ground of the defendants' having an undue influence over the mind of the judge, and also over the mind of the Hon. John H. Slover. Thereupon it was shown by the affidavits of O. H. Dean and W. G. Rose, attorneys for defendants in the cause, that the two other circuit judges of the same court, to-wit, Hon. James Gibson and Hon. E. P. Gates, were disqualified by reason of the fact that they had been of counsel in matters of the estate of H. M. Vaile deceased.

J. J. Vaile, who made the affidavit on part of plaintiffs

State ex rel. v. Flournoy.

for a change of venue, admitted on cross-examination that Judges Gibson and Gates had been thus interested and were not qualified to try the cause.

The following entries were made in the cause aforesaid:

"Now at this day come the parties hereto by their respective attorneys. Plaintiffs now file their application for a change of venue herein for the reason that defendants have an undue influence over the minds of the Honorable John W. Henry and the Honorable James H. Slover, judges of this court; and defendants file the affidavit of O. H. Dean, W. G. Rose, alleging that Honorable James Gibson and Honorable Edward P. Gates, the only remaining judges of this court, have been of counsel in matters concerning the estate of H. M. Vaile, deceased, and are not qualified and refuse to try this case. And it appearing to the court that none of the judges of this court can properly proceed in this cause, and that the parties hereto, although having been given an opportunity to agree upon one of the attorneys of this court and bar to proceed and hold court for the trial of this cause, fail to agree upon such attorney. It is therefore ordered by the court, that the clerk of this court proceed to hold an election for the purpose of choosing a special judge to try this cause.

"To which rulings and actions of the court the plaintiffs duly except and obtain leave of court to file their bill of exceptions thereto, within twenty days.

"Thereupon the clerk of this court now proceeds to hold the election aforesaid and there being more than five attorneys of this court and bar present and the Hon. Wm. S. Flournoy, one of the attorneys present (having the qualifications of a circuit judge) having received a majority of the votes cast, is by the clerk declared to be elected special judge to try this cause.

"Now comes Hon. Wm. S. Flournoy and files his oath

of office as special judge herein, the same being the oath required to be taken by a special judge.

"Plaintiffs now file their plea to the jurisdiction of said special judge to try the cause, which is by the court overruled, and to which ruling plaintiffs except."

The respondent then presided as judge at the trial of the cause, which resulted in a verdict for the defendants, sustaining the will.

In due time, plaintiffs filed motions for a new trial and in arrest of judgment; and respondent notified the attorneys on both sides that he would take up these motions in October 1, 1900.    The proceedings at that time are shown by the following entry now on record in said court:

"October 1, 1900.

"Same Cause, Book 9, Page 563.

"Now at this day come the parties hereto by their respective attorneys and plaintiffs' motions for new trial and in arrest of judgment being taken up and submitted to the court, and the court, being fully advised in the premises, declines to pass upon the motions for reasons that his election was illegal and void and that he has and had no jurisdiction in this cause. To which ruling and action of the court the defendants except.

"Respondent further states that at this time plaintiffs' attorney stated in open court that a deposit of ten dollars had not been made with the application for a change of venue and that plaintiffs did not make any such deposit.

"After the motions for a new trial and in arrest were filed respondent concluded that his election as special judge was illegal and void because plaintiffs in said cause had a right to a change of venue out of the county and that he had no right or power to exercise the duties of a judge in said cause and to pass upon said motions."

The above facts gathered from the return of respondent herein, are a sufficient basis for the following remarks:

Section 833, Revised Statutes 1899, provides that: "Whenever any change of venue shall be applied for in any civil cause from any circuit court of any county ....... to any other county ....... the party or person applying for such change of venue shall, with his application, deposit with the clerk of the circuit court the sum of ten dollars," etc.   That this sum was not only not deposited, but was not intended to be deposited, is shown by the return as already stated.

It does not appear from this record whether the application was for a change of venue to another county or not.   If it was, it was rightfully refused because of the absence of the $10 incident.   If, on the other hand, the application was not to go out of the county, then that ends the change of venue business, in the county, as will presently appear.

Two of the circuit judges, the occupant of the bench, and Hon. J. H. Slover, were disqualified by the affidavit of J. J. Vaile; and two others, Hon. Edward P. Gates and Hon. James Gibson were shown to be disqualified, also, by reason of having been of counsel.   In such circumstances, it would have been a useless and ineffectual ceremony to have sent the cause before either of them; and the law would not require it to be done. And to have called either of such judges in to have sat in the case, as has been suggested, would have been equally as futile.

Under section 822, Revised Statutes 1899, the application, if sufficient, will be granted.   But if "the application is founded on the interest, prejudice or other objections to the judge, a change of venue shall not be awarded to another county if the parties shall thereupon agree upon a special judge, or if both parties request the election of a special judge; and in the latter case a special judge shall be elected as provided by law."

In this case, the parties did not agree upon a special judge, nor did both parties request the election of a special judge; so that, the order made by the circuit judge requiring the clerk to

"proceed to hold an election for the purpose of choosing a special judge to try this cause," was without any warrant in section 822, supra; and this is true whether the $10 was paid or not.   If paid, and the parties did not agree, etc., or both parties did not request, etc., then it was the plain duty of the circuit judge to have awarded the change of venue.   But if the $10 was not paid, and not necessary to be paid, it was equally the plain duty of the circuit judge, sufficient the application, to have awarded the change.   In no event, therefore, can the order of the circuit judge for the election of the special judge, be held valid.

We have been referred, however, by counsel for relator, to section 1679, Revised Statutes 1899, as applicable to the present instance.   We do not so regard it; that section relates to a case where a judge, from any cause is unable to hold any term or part of term of court, and fails to procure another judge to hold it, etc.; or where the judge is interested, etc., etc.; or where the judge, if in attendance, for any reason can not properly preside in any cause or causes pending in such court, and the parties to such cause or causes fail to agree to select one of the attorneys of the court to preside and hold court for the trial of cause or causes, then the attorneys, etc., may elect one of their number to hold court for the occasion. There is no such case presented here in the present proceeding.

This case rests on sections 822 and 833.   The plaintiffs did not comply with section 833, and they certainly did not agree upon a special judge and they certainly did not request the election of a special judge.   Consequently, the order authorizing the election of the special judge, was, as he himself has estimated and designated it in his return.

For these reasons we hold that the special judge was clearly right in refusing to pass upon the motions for new trial and in arrest, and therefore deny the peremptory writ.   All concur.