PAUL TODD, Respondent, v. M. A. HUTCHINSON
et al., Appellants.

### Kansas City Court of Appeals, March 2, 1908.

**TRIAL PRACTICE: Election of Judge: Change of Venue: Statutory Construction.** Where the trial judge disqualifies himself and there is no application made for change of venue the proceedings are under sections 1678 et seq., Revised Statutes 1899, and when the first elected judge disqualifies himself there may be a second election under said sections. [Cases considered.]

Appeal from Vernon Circuit Court.—*Hon. S. A.* *Wright,* Special Judge.

AFFIRMED.

*J. M. Hull* and *A. J. Smith* for appellant.

If the parties to the case fail and refuse to agree to a special judge, or fail and refuse to agree to the election of a special judge, then it is the duty of the court to send it to another circuit or to call in a regular judge from another circuit to try the case. R. S. 1899, secs. 819, 820, 821, 822; Coffey v. Carthage, 200 Mo. 616; State ex rel. v. McKee, 150 Mo. 233.

*A. J. King* for respondent.

Sections 1679, 1680 and 1681 of the Revised Statutes of 1899 of the State of Missouri are decisive of the point raised by appellants. Barnes v. McMullins, 78 Mo. 264; Lacy v. Barrett, 75 Mo. 470; State ex rel. v. Bradley, 194 Mo. 173; Bower v. Daniel, 198 Mo. 315; State ex rel. v. Fort, 187 Mo. 526; Scott v. Joffee, 1C? S. W. 1040; Danwalter & Son v. Railway, 115 Mo. App. 580.

ELLISON, J.—This action is based on a promissory note. The judgment in the trial court was for the plaintiff.

There is but a single question involved and that relates to the action had on the application which defendants made for a change of venue. It appears that the judge of the trial court was disqualified from trying the cause and of his own motion had an order entered of record to that effect and, at request of plaintiff's attorney, the clerk held an election by the attorneys present to. elect a special judge. M. T. January, Esq., a member of the Vernon county bar, was duly elected. Thereupon Mr. January, having knowledge that he was disqualified, had an entry of record made to that effect and another election was held, whereby S. A. Wight, Esq., a member of the same bar, was duly elected and entered upon the trial of the cause. Defendants refused to appear further and judgment was duly rendered for the plaintiff. Defendants afterwards, in due time, filed motion for new trial, which being overruled, an appeal was duly prosecuted to this court.

There are two statutes in relation to change of a trial judge. One is the statute in relation to change of venue proper. [Art. 11, chap. 8, secs. 818-834, R. S. 1899.] The other is in relation to the jurisdiction, power and duties of circuit courts. [Art. 3, chap. 14, secs. 1678-1685, R. S. 1899.]

In this case there was no application for a change of venue and therefore the statute in reference to change of venue proper is not the test of the correctness of the proceedings in the trial court. The regular trial judge being disqualified and no application for a change of venue having been made under the provision of the statute in relation to changes of venue, the other statute controls. Section 1679 of that statute reads: "Whenever the judge, from any cause, shall be unable to hold any term or part of term of court, and shall fail to procure another judge to hold said term or part of term, or if the judge is interested or related to, or shall have been counsel for either party, or when the judge,

if in attendance, for any reason cannot properly preside in any cause or causes pending in such court, and the parties to such cause or causes fail to agree to select one of the attorneys of the court to preside and hold court for the trial of cause or causes, the attorneys of the court who are present, but not less in number than five, may elect one of its members then in attendance having the qualifications of a circuit judge, to hold the court for the occasion." Section 1681 provides for the second election which took place in this case.

Defendants cite and rely upon the statute in relation to changes of venue, but we cannot see how it can apply to the question involved, for the reason that no proceeding has been had under it. The two statutes are distinct and involve different considerations: "To determine the rights of a party to a suit who seeks to avoid a trial before a prejudiced judge, or a judge who the party may think is prejudiced against him, we look alone to the provisions of the change of venue act." [State ex rel. v. Fort, 178 Mo. 518, 526.] And so it was held in State ex rel. v. Flournoy, 160 Mo. 324, that after an application for a change of venue made by a party on account of undue influence of the opposite party as provided may be done under the change of venue statute, the provisions of the other statute, section 1679, could not be made to apply.

We do not think the cases of Coffey v. Carthage, 200 Mo. 616, and State ex rel. v. McKee, 150 Mo. 233, have application to the case made by the present record. The former seems not to relate to the case and the latter was under the change of venue statute where an application had been made. The ruling in the latter was that notwithstanding section 822 provided that when the court heard the application a change of venue should not be awarded if the parties agreed upon a special judge, or if they agreed an election should be held to select such judge, yet the court could grant

the change on the application without stopping to ask the parties whether they could or would agree; and that it was the duty of the parties to agree without suggestion from the court. It therefore is clear that it has no bearing on the case here presented.

The judgment is affirmed. All concur.